**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

HASAN BESHARAT,

Petitioner,

v. Case No. 2:26-cv-02281-MSN-atc

CHRISTOPHER BULLOCK,

Respondents.

---

**ORDER GRANTING SUPPLEMENTAL PETITION FOR WRIT OF HABEAS CORPUS AND DENYING ALL OTHER REQUESTED RELIEF**

---

Before the Court is Petitioner Hasan Besharat's Supplemental Petition for a Writ of Habeas Corpus. (ECF No. 28.) Petitioner argues that his continued detention pending removal violates due process under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner states that he has been continuously detained since February 20, 2026, which now exceeds the presumptively reasonable detention period of six months established in *Zadvydas*. Accordingly, Petitioner seeks immediate release under an order of supervision ("OSUP") pending his removal.

Finding that Petitioner presented "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . .," *Zadvydas*, 533 U.S. at 701, the Court directed Respondent to file a supplemental response showing cause why the writ should not issue. (ECF No. 29.) Respondent opposed release under an OSUP and attached a declaration from the Supervisory Detention and Deportation Officer for the Enforcement and Removal Operations division ("ERO") of Immigration and Customs Enforcement ("ICE") in support. (ECF No. 30.) For the reasons that follow, the petition is **GRANTED**.

**FACTUAL FINDINGS**

The Court finds the following facts based upon the parties' submissions. Petitioner, a native and citizen of Iran, was lawfully admitted to the United States under a student visa in 1976. (ECF No. 30-1 at PageID 159.) An immigration judge ordered Petitioner's removal in 2001, finding that Petitioner was removable under Section 237(a)(1)(c)(i) of the Immigration and Nationality Act, 8 U.S.C. 1227(a)(1)(c)(i), as a non-immigrant status violator. (ECF No. 30-1 at PageID 160.) Petitioner's removal order became administratively final in November 2002. (*Id.*) Petitioner was released under an OSUP in November 2004. (*Id.*) He remained under the OSUP until he was detained during a routine check-in at the Nashville ICE office in February 2026. (*Id.*; *see also* ECF No. 28 at PageID 143.) He is now 81 years old. (ECF No. 28 at PageID 143.)

ICE revoked the OSUP and detained Petitioner under 8 C.F.R. § 241.4(1) "to effectuate [his] removal." (ECF No. 8-1 at PageID 29.) The Notice of Revocation of Release indicated that Petitioner would be removed to his native country of Iran, but no travel documents had been issued. (*Id.*) He has been continuously detained since February 20, 2026. (ECF No. 30-1 at PageID 160.)

Petitioner's administrative application for a stay of deportation or removal was denied on April 7, 2026. (ECF 30-1 at PageID 160.) On May 21, 2026, a travel document request was submitted to the Removal and International Operations division at ICE Headquarters ("HQ-RIO"). (*Id.*) ICE is no longer seeking Petitioner's removal to Iran; therefore, there has been no request for Iranian travel documents, nor have there been removal communications with the Iranian government. (*Id.*) On August 31, 2026, Petitioner's case was again submitted to HQ-RIO for further review. (*Id.*) Petitioner is currently awaiting travel documents and flight arrangements from HQ-RIO. (*Id.*) Once a removal flight is provided by HQ-RIO, ICE-ERO will be able to effectuate Petitioner's removal. (*Id.*)

## ANALYSIS

*Zadvydas* "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. Generally, aliens subject to a final removal order must be detained, 8 U.S.C. § 1231(a)(2)(A), and removal should occur within 90 days of the final removal order, *Id*. § 1231(a)(1)(A). Some aliens may be detained for a period beyond 90 days. *Id.* § 1231(a)(6). But Section 1231(a)(6) does not permit the indefinite confinement. *Zadvydas*, 533 U.S. at 697. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699. Recognizing the "Executive leeway" necessary for immigration enforcement, *Zadvydas* established a presumptively reasonable period of detention lasting six months. *Id*. at 700–01. Once the six-month period passes and the alien shows "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. at 701.

Here, Petitioner was lawfully detained to "effectuate his removal," but that detention has now continued for more than six months. As *Zadvydas* points out, the detention pending removal statute permits detention beyond the initial 90-day period under certain circumstances, *see* 8 U.S.C. § 1231(a)(6); however, the statute does not permit indefinite confinement. 533 U.S. at 697. In responding to the supplemental petition, Respondent had the burden to show that there was a "significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701. Respondent failed to carry his burden. Aside from the fact that Petitioner will now be removed to a country other than Iran, Respondent provided no materially new information about when or where removal will occur. Respondent offered no information about which country Petitioner will be removed to or a timeline for when HQ-RIO will provide travel documents and flight arrangements. Although

Respondent indicates that Petitioner's case has been elevated to HQ-RIO for review, HQ-RIO has been attempting to secure travel documents for Petitioner since at least May 21, 2026. (ECF No. 30-1 at PageID 160.) From this record, the Court cannot conclude that removal is likely to occur within the reasonably foreseeable future.

**CONCLUSION**

Because Petitioner's removal is not reasonably foreseeable, his detention is no longer authorized under 8 U.S.C. § 1231(a)(6). *See Zadvydas*, 533 U.S. at 699. Accordingly, Petitioner's supplemental petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **GRANTED**; the writ of habeas corpus shall **ISSUE**; and Respondent shall **RELEASE** Petitioner from custody no later than Thursday, September 3, 2026, at 5:00 p.m. Upon his release, Petitioner shall be subject to an OSUP including any conditions authorized by 8 U.S.C. § 1231(a)(3) and 8 C.F.R. 241.5. The parties shall file a joint status report no later than Friday, September 4, 2026, at 10:00 a.m. confirming that Petitioner has been released.

Petitioner's request for a stay of removal proceedings is **DISMISSED** for lack of jurisdiction. *See* 8 U.S.C. § 1252(g); *Hamama v. Adducci*, 912 F.2d 869, 874 (6th Cir. 2018) ("Under a plain reading of the text of the statute, the Attorney General's enforcement of long-standing removal orders falls squarely under the Attorney General's decision to execute removal orders and is not subject to judicial review."). All other forms of requested relief are **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 2nd day of September, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE